**Dated: February 11, 2011**

**The following is ORDERED:**



*Tom R. Cornish*
TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE:<br><br>APRIL LOUISE HICKEY and JUSTEN DEREK HICKEY,<br><br>Debtors. | Case No. 10-80293<br>Chapter 7 |
| MIGUEL A. GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>APRIL LOUISE HICKEY and JUSTEN DEREK HICKEY,<br><br>Defendants. | Adv. No. 10-08032 |

**COMBINED ORDER GRANTING MOTION TO REOPEN AND
DENYING MOTION TO VACATE**

Before the Court are April Louise Hickey's Motion to Reopen Adversary Proceeding

("Motion to Reopen")[1] and Motion to Vacate Judgment ("Motion to Vacate"),[2] both filed November 30, 2010, and Plaintiff's Objections thereto[3], which came on for hearing on January 12, 2011. Defendant-debtor April Louise Hickey ("Hickey") asks this Court to vacate its default judgment entered on September 1, 2010, against her and in favor of plaintiff Miguel A. Gonzalez ("Gonzalez") in this nondischargeability proceeding. Hickey appeared by and through counsel Thomas Wright, and Gonzalez appeared by and through counsel Robert Inglish for Luke Gaither. Since the bankruptcy case is still pending, the Motion to Reopen this Adversary proceeding is granted for purposes of considering the Motion to Vacate, and as discussed below, the Motion to Vacate is denied.

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), and venue is proper pursuant to 28 U.S.C. § 1409. Reference to the Court of this matter is proper pursuant to 28 U.S.C. § 157(a). This is a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(I).

## Background

Hickey and her then husband, Justen Derek Hickey, moved to Oklahoma from California in July 2008. Approximately 20 months after moving to Oklahoma, Hickey and her husband hired Todd Henshaw ("Henshaw") to represent them and filed for Chapter 7 relief on March 5, 2010. The couple was divorced on July 16, 2010.[4]

---

[1] Docket #33.

[2] Docket #36.

[3] Docket ##39 and 40.

[4] *Plaintiff's Objection to Motion to Vacate Judgment*, Docket # 40 at 2-3.

While in California, Hickey operated two real estate related businesses– California Investments and Running Brook Realty.[5] Gonzalez filed this nondischargeability adversary on May 5, 2010,[6] alleging he had obtained a judgment against Hickey in California state court ("California Judgment") in the total amount of $117,520.30[7] for fraud committed against him by Hickey "by promising to provide security for the loan against real property, and never intending to do so, by breach of contract, and fraud."[8] In his complaint, Gonzalez asked this Court to give the California Judgment res judicata effect and to except the debt from discharge pursuant to 11 U.S.C. § 523(a)(2).[9]

A summons was issued and service was executed on Hickey by process server on May 19, 2010.[10] Henshaw was served by certified mail.[11] No answer was filed. On August 3, 2010, Gonzalez filed a Request for Entry of Default Judgment by the Clerk of the Court in compliance with Federal Rule of Bankruptcy Procedure 7055, and notice of the same was mailed to Hickey and Henshaw.[12]

---

[5] *Docket Sheet of Bankruptcy Case No. 80293, Docket #1*, Statement of Financial Affairs at 58.

[6] *Complaint, Docket #1.*

[7] *Id.* at 1. The total amount consisted of principal in the amount of $97,200.00, interest in the amount of $13,479.55, costs in the amount of $718.50, and attorneys fees in the amount of $6,122.25.

[8] *Id.*

[9] Unless otherwise indicated, all future statutory references in text are to the Bankruptcy Code, Title 11 of the United States Code.

[10] *Docket #5.*

[11] *Id.*

[12] *Docket #15 & 16.* This was counsel's second request for entry of default. An earlier request was filed on June 24, 2010, but not granted because the affidavit attached to the return of service of the complaint stated a date more than 14 days after the summons was issued. Therefore, the complaint was served on Hickey again under an alias summons on June 30, 2010.

The Clerk of the Court entered a default on August 4, 2010, and gave notice to Hickey and Henshaw by mail.[13] Gonzalez then filed a Motion for Default Judgment on August 5, 2010.[14] Proper notice of the motion, deadline for filing objections, and hearing date was mailed to Hickey and Henshaw.[15] No response was filed. Accordingly, the Court entered a Journal Entry of Judgment on September 1, 2010 ("Default Judgment"),[16] and the adversary proceeding was closed on September 30, 2010.

Hickey filed her Motion to Reopen and Motion to Vacate on November 30, 2010. In her Motion to Vacate, she argues the Default Judgment should be set aside pursuant to Federal Rule of Civil Procedure 60(b)(1) on account of excusable neglect. Her alleged excusable neglect is that she was "unable to find an attorney to represent her in this matter."[17] At the hearing, counsel indicated that Hickey lacked resources to hire an attorney to defend her in the adversary proceeding. Counsel was hired by Hickey after entry of the Default Judgment, in connection with another adversary proceeding filed on October 5, 2010, by Charles Greenough, the Chapter 7 trustee in this case ("Trustee"), objecting to her discharge pursuant to § 727(c),(d)&(e).[18] At the hearing, Counsel requested that the Default Judgment be vacated, and the adversary proceeding "consolidated" with the Trustee's § 727 proceeding.

---

*See Docket # 13.*

[13] *Docket #17 & 18.*

[14] *Docket # 19.*

[15] *Docket # 20 & 21.*

[16] *Docket #23 & 24.*

[17] *Docket #36* at 2.

[18] *Docket Sheet of Bankruptcy Case No. 80293*, Adversary Proceeding 10-08059.

Case 10-08032   Doc 44   Filed 02/11/11   Entered 02/11/11 15:13:09   Desc Main
Document      Page 4 of 9

**Analysis**

Hickey filed her Motion to Vacate pursuant to Federal Rule of Civil Procedure 60 ("Rule 60"), made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 9024. Specifically, Hickey relies on Rule 60(b)(1) which provides as follows:

> **(b)** **Grounds for Relief from a Final Judgment, Order or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1)   mistake, inadvertence, surprise, or excusable neglect . . . .[19]

Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances,[20] and "only when such action is necessary to accomplish justice."[21] Further, pursuant to Rule 60(c), a motion under Rule 60(b) "must be made within a reasonable time– and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."[22] As movant, Hickey has the burden of pleading and proving reasonable grounds under Rule 60(b)(1) for avoiding the Default Judgment.[23]

In her Motion to Vacate, Hickey argues her "failure to file a responsive pleading [to] the Plaintiff's Complaint was due to excusable neglect. Her current attorney [Henshaw] declined to

---

[19]Fed. R. Civ. P. 60(b).

[20]*Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996).

[21]*Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 729 (10th Cir.1993).

[22]Fed. R. Civ. P. 60(c).

[23]*In re Shepherds Hill Development Co.*, LLC, 316 B.R. 406, 416 (1st Cir. BAP 2004).

represent her in the adversary proceeding and she was unable to find an attorney prior to hiring present counsel."[24] Further, she stated that she was "going through a divorce during the time period in question."[25] At the hearing, the gist of counsel's argument was that after paying Henshaw a large retainer for representation in the bankruptcy case, and because of the legal expenses associated with her divorce, Hickey lacked the resources to hire an attorney to represent her in this adversary proceeding.[26]

Although this Court is sympathetic to Hickey's lack of resources to hire an attorney, such is the norm with most debtors in bankruptcy, and therefore it cannot form the basis of excusable neglect under Rule 60(b). At a minimum, Hickey could have appeared pro se and asked for more time to respond to Gonzalez's complaint. A defendant cannot simply ignore repeated notices of an action filed against her, allow a default judgment to be entered, and then move to vacate claiming she did not have the money to hire an attorney.

Further, Hickey has not met her burden of proving a lack of resources, and what little has been presented to the Court does not support her argument. First, her divorce was final on July 16, 2010, which was prior to Gonzalez's filing of a request for entry of default and motion for default judgment. Also, at the hearing, it was not disputed that the divorce must have been an agreed divorce because the decree was entered only 10 days after the petition was filed. Theoretically, such a divorce proceeding is not likely an expensive one. Additionally, the Court notes that Hickey was able to find

---

[24]*Docket #36* at 2.

[25]*Docket #36* at 2.

[26]There is no dispute that Hickey was properly served with the complaint, and received notice of the request for entry of default and motion for default judgment.

and retain current counsel fairly quickly after the Trustee filed his § 727 adversary.

Even were this Court to find Hickey's inaction constituted excusable neglect, she could not meet the additional criteria necessary for vacating a default judgment. "Courts have established three requirements which must be met when setting aside a default judgment under Rule 60(b): (1) the moving party's culpable conduct did not cause the default; (2) the moving party has a meritorious defense; and (3) the non-moving party will not be prejudiced by setting aside the judgment" ("*Timbers* criteria").[27] Although default judgments are generally disfavored, competing factors support the policy of finality of judgments.[28] In other words, the judicial preference for trial on the merits "'is counterbalanced by considerations of social goals, justice and expediency, a weighing process which lies largely within the domain of the trial judge's discretion.'"[29] The defaulting party has the burden of proving that the default and default judgment should be set aside.[30]

In her Motion to Vacate, Hickey argues only that "Plaintiff cannot show that any hardship will result from the granting of this motion, other than the hardship of requiring Plaintiff to prove his case."[31] Assuming Gonzalez would not be prejudiced by setting aside the Default Judgment, Hickey

---

[27] *United States v. Timbers Preserve*, 999 F.2d 452 (10th Cir. 1993).

[28] *See Miller v. Certified Construction Co. (In re Smith Mining and Material, LLC)*, 399 B.R. 199, 202 (Bankr. W.D. Ky. 2008) (the court acknowledges its preference for deciding matters on the merits but believes equally in the policy in favor of preserving the finality of judgments, even if rendered by default).

[29] *Pelican Production Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990)(quoting *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970)).

[30] *Nikwei v. Ross School of Aviation, Inc.*, 822 F.2d 939, 941 (10th Cir. 1987).

[31] *Docket #36* at 2.

still cannot meet the other two *Timbers* criteria. In *In re Wallace*,[32] the Tenth Circuit Bankruptcy Appellate Panel ("BAP") held that a defendant could not show that the default did not result from his culpable conduct when he failed to file an answer to the complaint.[33] In this case, Hickey received four different notices: the complaint, the notice of the request for entry of default, the notice of the entry of default, and the notice of the motion for default judgment. In spite of being given numerous opportunities to respond and defend herself, Hickey chose to do absolutely nothing and her inaction is culpable.

Regarding the meritorious defense requirement, the BAP stated in *In re Wallace* that "[a] meritorious defense is one that is 'presented and presented in a timely enough fashion to permit the opposing party to question the legal sufficiency of the defense.' Factual allegations supporting a meritorious defense must be submitted to the court in a written motion, a proposed answer, or attached affidavits."[34] In this case, Hickey did not even allege that she had a meritorious defense, much less proffer any facts to support a defense. Therefore, Hickey has not established that she has a meritorious defense for purposes of vacating the Default Judgment.[35]

## Conclusion

Hickey has not demonstrated excusable neglect or met the necessary requirements for setting

---

[32]*Malloy v. Wallace (In re Wallace)*, 298 B.R. 435 (10th Cir. BAP 2003), *aff'd by unpublished opinion*, 99 Fed. Appx. 870, 2004 WL 1179380 (10th Cir. 2004).

[33]*Id.* at 441.

[34]*Id.* (quoting *Olson v. Stone (In re Stone)*, 588 F.2d 1316, 1319 (10th Cir. 1978)).

[35]The only time a "defense" was mentioned at all was by counsel, in passing at the hearing, when he requested that the Default Judgment be set aside and the adversary proceeding "consolidated" with the trustee's § 727 action.

aside a default judgment.

    IT IS THEREFORE ORDERED that Defendant's Motion to Reopen Adversary Proceeding (Docket Entry 33) is **granted.**

    IT IS FURTHER ORDERED that Defendant's Motion to Vacate (Docket Entry 36) is **denied.**

**###**